IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSICA ATAYDE and JOHNNY PIPPEN,

      Plaintiffs,

v.                                        No. 2:21-cv-1131 KG/DLM

CHRISTINE WORMUTH, Secretary
of the U.S. Army,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant's Motion to Set a Briefing Schedule for Dispositive Motions and to Postpone Trial. (Doc. 76.) On March 18, 2024, the Court held a hearing on the motion. (Doc. 82.) Having considered the arguments of the parties and the relevant law, the Court recommends[1] STAYING this lawsuit pending exhaustion of administrative remedies on claims related to the Complaint. The Court further recommends DENYING as moot the motion to set a briefing schedule and postpone trial.

## I.    Relevant Background

On November 29, 2021, Plaintiffs filed this Complaint under Title VII of the Civil Rights Act based on allegations of discrimination, retaliation, and a hostile work environment. (Doc. 1 at 1.) The Court held a Rule 16 conference and entered the Scheduling Order on May 31, 2022,

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) and *Va. Beach Fed. Sav. & Loan As'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), United States District Judge Kenneth Gonzales referred this case to the undersigned "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of Defendant's Motion . . . ." (Doc. 79.)

setting discovery to end December 27, 2022, and the pretrial motion deadline January 27, 2023. (*See* Docs. 30–31.)

On October 21, 2022, counsel for Plaintiffs moved to withdraw and asked for a 90-day extension of time to give Plaintiffs' new counsel time to come up to speed on the lawsuit. (Doc. 33.) The Court granted the motion and set a second Rule 16 conference. (*See* Docs. 34; 38–39.) The Court entered an Amended Scheduling Order on January 10, 2023, setting discovery to end on May 31, 2023, and the pretrial motion deadline July 5, 2023. (Doc. 40.)

On April 21, 2023, Defendant filed an Unopposed Motion to Extend Discovery and to Set a Status Conference on Deadlines. (Doc. 50.) Defendant explained that the matter was being transferred to a new attorney within the United States Attorney's Office. (*Id.* at 1.) Moreover, defense counsel had several matters set in other cases that would prevent them from finishing discovery by the deadline set in this lawsuit. (*See id.* at 1–2.) The Court granted the motion and set discovery to end July 14, 2023, and the pretrial motion deadline August 18, 2023. (Doc. 51.)

On July 10, 2023, Plaintiffs moved to extend deadlines and explained that discovery had been delayed due to personal medical and family issues of Plaintiffs' counsel. (Doc. 54 at 1.) Defendant did not oppose the motion. (*See id.*) The Court held a hearing on the motion and "expresse[d] concern over the slow speed with which discovery is moving." (Doc. 56 at 2.) The Court stated it would "grant this extension, but it will likely be the last extension." (*Id.*) The Court also asked about holding a settlement conference. (*Id.*) Counsel for Defendant, Benjamin Minegar, stated that he wanted "to wait until dispositive motions have been decided[,]" as he "plan[ned] to file a motion for summary judgment after the close of discovery." (*Id.*) The Court granted the

motion and extended discovery through September 15, 2023, with dispositive motions due October 20, 2023. (Doc. 57.)

On October 4, 2023, Defendant filed an Unopposed Motion to Extend the Pretrial Motion Deadline. (Doc. 61.) Defendant explained that while the parties had completed depositions, they were awaiting a transcript from the most recent deposition. (*See id.* at 1.) Moreover, defense counsel "intends to move for summary judgment" but "requires more time to prepare defendant's briefing given [counsel's] current workload." (*Id.*) The Court granted the motion, giving the parties until November 20, 2023, to file dispositive motions. (Doc. 62.)

On October 26, 2023, Defendant filed another motion to extend the dispositive motion deadline, citing his intent to move for summary judgment, but again noting his extensive workload. (*See* Doc. 63.) The following day, the parties filed a joint motion to extend the dispositive motion deadline, with Plaintiffs joining Defendant's motion and seeking an extension of the 14-day deadline to file a response brief. (*See* Doc. 64.) The Court held a hearing on the motions and reminded counsel to review the Local Rules regarding page limits for both briefs and exhibits. (*See* Doc. 65.) The Court asked about setting a settlement conference. Minegar "affirmed he plans to file a summary judgment motion that would dispose of the entire case." (*Id.*) The Court granted the motion to extend, giving Defendant until January 4, 2024, to file a motion for summary judgment, and giving Plaintiff until February 1, 2024, to file a response brief. (Doc. 66.)

On December 12, 2023, Defendant filed a Joint Motion for a Settlement Conference and asked the Court to vacate the briefing scheduling order. (Doc. 67 at 1.) Defendant explained that "the parties have engaged in settlement discussions, and they agree that a settlement conference" might resolve the lawsuit "without the need for dispositive motions." (*Id.*) The Court held a status

conference on January 17, 2024, and asked defense counsel what had changed. (Doc. 69.) Minegar reported that "Plaintiffs' employment has changed, [and] the Government finds a settlement conference would be fruitful." (*Id.*) The Court set a settlement conference for February 14, 2024. (*See* Doc. 70.)

Shortly after the Court set the settlement conference, United States District Judge Kenneth Gonzales set a jury trial to begin on June 24, 2024. (Doc. 73.)

Despite the parties' efforts on February 14, 2024, which continued via email after the settlement conference ended, the parties did not reach a settlement agreement. (*See* Doc. 75.)

Almost three weeks after the settlement conference, Defendant filed this Motion to Set a Briefing Schedule for Dispositive Motions and to Postpone Trial on March 5, 2024. (Doc. 76.) Plaintiff opposes the motion. (Doc. 78.) The Court held a hearing on the motion on March 18, 2024. (Doc. 82.)

**B.      Legal Standard**

Both the Federal Rules of Civil Procedure and this Court's Local Rules require a party to show good cause to support a request to modify deadlines in a scheduling order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."): D.N.M. LR-Civ. 16.1 ("Modification of any deadline in the Court's scheduling orders, whether or not opposed, requires a showing of good cause and Court approval."). Good cause is also required to continue a trial setting. *See* D.N.M. LR-Civ. 40.1. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *New Mexico ex rel. Balderas v. Real Est. L. Ctr., PC*, 429 F. Supp. 3d 996, 1006 (D.N.M. 2019) (quotation omitted).

**C.      Analysis**

Considering the amount of time this lawsuit has been pending and the number of extensions Defendant sought with the express intention of filing a dispositive motion, the Court finds that Defendant fails to show good cause for the motion to set a briefing schedule. Defendant argues that good cause exists to postpone trial and set a briefing schedule on a summary judgment motion "[g]iven the parties' failure to settle this matter [despite] their good-faith efforts . . . ." (Doc. 76 at 2.) The history of this lawsuit belies a finding that Defendant could not meet the scheduling order deadline despite the party's due diligence.

In July 2023, during a hearing on Plaintiffs' motion to extend time to complete discovery, defense counsel expressly declined to engage in settlement negotiations, stating his intent to file a motion for summary judgment. (*See* Doc. 56.) The Court, noting that the parties had already requested two extensions to the scheduling order deadlines, reluctantly granted Plaintiffs' motion in part on the basis that trial had not yet been set. (Doc. 57.) The Court cautioned the parties, however, to "refrain from seeking any further extensions." (*Id.*)

Still, on October 4, 2023, the Court granted Defendant a 30-day extension to the dispositive motion deadline, which Defendant requested because of a delay in receipt of a deposition transcript and because of defense counsel's heavy workload. (*See* Docs. 61–62.) On October 26, 2023, Defendant requested another 45-day extension to the dispositive motion deadline, and the Court held a hearing. (*See* Docs. 63–65.) Again, the Court asked the parties about the possibility of settlement, and defense counsel explicitly declined, stating his intent to file a dispositive "motion that would dispose of the entire case." (Doc. 65.) The Court granted the request for the extension, noting that "trial ha[d] not yet been scheduled . . . ." (Doc. 66.)

5

In December 2023, citing a change to Plaintiffs' employment and some settlement discussions, Defendant did an about-face and asked the Court to vacate the dispositive-motion briefing schedule Defendant previously requested. (*See* Docs. 67 at 1; 69 at 1.) Defendant now argues that she "would not have agreed to plaintiffs' request for a settlement conference if it meant surrendering the ability to file a summary-judgment motion . . . ."[2] (Doc. 80 at 3–4.) The parties submitted a proposed order that included language vacating the dispositive motion deadline "pending the settlement conference's outcome." (*See* Doc. 80-F at 1.) The Court's Order, entered December 12, 2023, did not include the proposed language, but rather simply vacated the dispositive motion deadline. (*See* Doc. 68.) Critically, the Court held a status conference with the parties on January 17, 2024, and defense counsel acknowledges that he did not raise the issue of reinstating the dispositive motion deadline if the parties did not settle. (*See* Docs. 69; 82 at 1.)

Nor did the Court intend to grant Defendant carte blanche to file a belated dispositive motion if the parties did not reach settlement. The Court has expressed concern at the pace with which this case is moving (*see, e.g.*, Doc. 56 at 2) and made clear that extensions to deadlines were predicated, in part, on the fact that the presiding judge had not set trial. (*See, e.g.*, Docs. 57 ("Because trial has not been set, the Court will grant this [extension] request; however, the parties should refrain from seeking any further extensions."); 66 ("noting that trial has not yet been scheduled" and granting an extension).) The circumstances changed once trial was set.

Defendant argues that allowing the parties to brief a summary judgment motion "could

---

[2] Defendant asserts in her reply brief that "[s]ummary-judgment motions were originally due January 4, 2024." (Doc. 80 at 2 (citing Doc. 66).) This assertion is false. The Court originally set a dispositive motion deadline of January 27, 2023 (Doc. 31), but extended that deadline five times: to July 5, 2023, on Plaintiffs' request (Docs. 33; 40); to August 18, 2023, on Defendant's request (Docs. 50-51);  to October 20, 2023, on Plaintiffs' request (Docs. 54; 57); to November 20, 2023, on Defendants' request (Docs. 61-62); and to January 4, 2024, on Defendants' request (Docs. 63-65).

narrow down this case's triable issues of fact significantly, thus preserving Court and party resources and streamlining trial, if trial is necessary after summary-judgment proceedings conclude." (Doc. 76 at 3 (citing *Beene v. Delaney*, 70 F. App'x 486, 490 (10th Cir. 2003)).) That is, of course, true. It is also true, however, that Defendant could have adhered to the deadlines she specifically requested, filing the motion shortly before the settlement conference. (*See* Docs. 63–66). Yet Defendant made a tactical decision to delay filing a dispositive motion. Indeed, at the March 18, 2024 hearing, counsel for Defendant acknowledged that once the joint motion for order setting settlement conference (Doc. 67) was filed, work on the proposed motion for summary judgment ceased. Additionally, as of the date of the hearing Defendant's motion for summary judgment was not ready for filing as counsel still needed to track down witnesses, presumably to obtain affidavits. Clearly, counsel's conscious decision to delay crafting his motion for summary judgment, despite assurances to the court of his intention to do so, does not meet the good cause standard and was a part of a strategy to delay drafting the motion until it was clear that the case would not settle. Unfortunately, this gamble does not equate to good cause.

Despite the lack of good cause, the Court finds other factors are at play. In their response brief, Plaintiffs mention new related claims they are currently exhausting. (Doc. 78 at 2.) At the hearing on this motion, the Court asked the parties whether it would make more sense to stay this matter pending exhaustion of the administrative proceedings, and then allow Plaintiffs the opportunity to move to amend their complaint to include the related claims. (*See* Doc. 82 at 3–4.) Counsel for both parties agreed that a stay to allow Plaintiffs to exhaust the related claims would ultimately conserve Court and party resources and likely obviate the need for a second lawsuit. (*See id.*) Consequently, the Court will recommend that the current trial setting be vacated and this

matter be stayed for 180 days to allow Plaintiffs to exhaust the new claims, which are factually intertwined with the claims of this suit.

**IT IS THERFORE RECOMMENDED** that the June 24, 2024 setting be **VACATED** and this matter be **STAYED** for 180 days pending the conclusion of the administrative proceedings on Plaintiffs' new claims.

**IT IS FURTHER RECOMMENDED** that the Court require Plaintiffs to file a Status Report at the conclusion of the 180-day period to update the Court on the proceedings.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Set a Briefing Schedule for Dispositive Motions and to Postpone Trial (Doc. 76) be **DENIED as moot**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE